(March 17, 1988)

■ CLAIRE KREUZER, Respondent, v EDWARD S. GORDON CO., INC., et al., Defendants, and ALLAN S. GORDON, Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered October 30, 1986, which denied the motion of the defendant-appellant Allan S. Gordon to set aside the jury verdict on the third cause of action awarding plaintiff $60,000 for emotional distress, and the judgment entered on December 15, 1986, awarding plaintiff $60,000, plus costs, is unanimously reversed on the law and the facts, the motion granted, the judgment vacated and the third cause of action dismissed, without costs and without disbursements.

This is a negligence action which arose when a limousine door was opened by defendant Allan Gordon and struck the plaintiff who was riding on a bicycle. The facts are as follows. On June 15, 1982, about 6:30 P.M., plaintiff was riding her bicycle north on Park Avenue in New York County. She was riding between the cars which were parked on her right-hand side and cars which were proceeding slowly in the lane next to the parked cars. As she approached 74th Street, a limousine owned by defendant Edward S. Gordon Co., Inc. stopped to discharge a passenger. When the right back door was opened

by defendant Allan Gordon, plaintiff was struck and fell to the street. Defendants Allan Gordon and John Brown, who was driving the limousine, and Edward Gordon, who is the brother of Allan Gordon and who was a passenger in the limousine, all testified that plaintiff stated she was all right and, after a few minutes, the three left the scene. Plaintiff testified that she told them she was not all right but also testified that she "might" have stated that she was all right. Plaintiff testified she rested in an apartment house for a few minutes and then proceeded toward Lenox Hill Hospital. On her way to the hospital she flagged down a police car and told them about the accident. At the hospital, she complained of pain in her head and leg. After examination and X rays, she was released. She testified that she had headaches and pain in her leg for months following the accident. She testified further that at the time of the trial she had a permanent dent in her left leg and a bulge underneath the dent.

At the trial the jury answered "no" to the question, "Has the plaintiff sustained an injury which is a significant disfigurement?" The jury also answered "No" to the question, "Was Mr. Brown (the driver) negligent in his conduct toward Ms. Kreuzer after she fell from her bicycle?" The jury answered "Yes" to the question, "Was Mr. Allan Gordan negligent in his conduct toward Ms. Kreuzer after she fell from her bicycle?" The jury also awarded plaintiff $60,000 for "emotional distress." The specific question on damages read, "Set forth the damages, if any, which you find plaintiff is entitled for emotional distress"?

Once the jury found that plaintiff had not suffered a "serious injury", there was no right of recovery for noneconomic loss. Insurance Law § 5104 (a) states, "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this State, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss." Concur—Murphy, P. J., Sandler, Sullivan and Smith, JJ.