■ RAYMOND J. TROPEANO, Respondent, v ASTORIA GENERAL HOSPITAL et al., Appellants, et al., Defendant. [653 NYS2d 869] —In an action to recover damages for medical malpractice, the defendants Astoria General Hospital and Apostolos Tambakis separately appeal from (1) an order of the Supreme Court, Queens County (Golar, J.), dated December 4, 1995, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them; and (2) an order of the same court, dated April 18, 1996, which denied their respective motions for reargument.

Ordered that the appeals from the order dated April 18, 1996, are dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 4, 1995, is modified,

on the law, by deleting the provision thereof denying the motion by the defendant Astoria General Hospital, and substituting therefor a provision granting that motion and dismissing the complaint and all cross claims insofar as asserted against that defendant; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff claims that the defendant Astoria General Hospital (hereinafter the Hospital) failed to promptly diagnose and treat an alleged fracture of his right ankle. We conclude that the motion by the Hospital for summary judgment dismissing the complaint and all cross claims against it should have been granted. The allegations contained in the affidavit of the plaintiff's expert concerning alleged malpractice by the Hospital are largely speculative, and are not founded upon evidentiary facts (see, Alvarez v Prospect Hosp., 68 NY2d 320; Fileccia v Massapequa Gen. Hosp., 63 NY2d 639, affg 99 AD2d 796). The Hospital established that the course of treatment in its emergency room would have been the same for either a sprain or a fracture, and the record does not support the plaintiff's claim that the defendant Dr. Tambakis relied upon the Hospital's diagnosis. The plaintiff failed to establish any causal connection between the Hospital's alleged negligence and his injuries (see, Amsler v Verrilli, 119 AD2d 786), and the Hospital is entitled to summary judgment. As to Apostolos Tambakis, however, we agree that issues of fact exist with regard to, inter alia, his treatment of the plaintiff.

Finally, in the order dated April 18, 1996, the Supreme Court properly determined that the appellants' respective motions sought reargument, and therefore the appeals from the order denying those motions must be dismissed (see, Sweet v Fabien, 232 AD2d 546; Mgrditchian v Donato, 141 AD2d 513). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.