■ CHARLES PRATO et al., Respondents, v ERNEST VIGLIOTTA et al., Defendants, and SUN MARK, INC., et al., Appellants. [677 NYS2d 380] —In an action to recover damages, *inter alia,* for trespass, assault, battery, and gross negligence, the defendants Sun Company, Inc. (R&M), sued herein as Sun Mark, Inc., and Sun Oil Company, doing business as Sunoco, appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated December 15, 1997, which denied their motion for partial summary judgment dismissing the causes of action asserted in the amended complaint to recover damages for trespass, assault, battery, and gross negligence, and the demand for punitive damages.

Ordered that the order is reversed, with costs, the motion is granted, and the causes of action asserted in the amended complaint to recover damages for trespass, assault, battery, gross negligence, and the demand for punitive damages are dismissed insofar as asserted against the appellants.

The plaintiffs commenced this action, *inter alia,* to recover damages for injury to real property located in East Moriches, New York, resulting from the discharges of gasoline from storage tanks located on adjoining property, which was operated as a gas station. The discharges occurred in 1983, and from sometime in 1989 through 1993. The amended complaint alleges causes of action sounding in, *inter alia,* trespass, assault, battery, and gross negligence, and seeks punitive damages. Following joinder of issue and depositions of various parties, the Supreme Court, *inter alia,* denied the motion of the defendants Sun Company, Inc. (R&M) sued herein as Sun Mark, Inc., and Sun Oil Company, doing business as Sunoco (hereinafter collectively Sun Oil), for partial summary judgment dismissing the causes of action to recover damages for trespass, assault, battery, and gross negligence, and the demand for punitive damages. Sun Oil appealed.

Partial summary judgment should have been granted in favor of Sun Oil. Sun Oil supported its motion with an affidavit and with deposition testimony stating that it was not affiliated with the gas station in question after January 1984, and that the contamination of the plaintiffs' property was not caused by the 1983 tank leaks. The burden then shifted to the plaintiffs to come forward with evidentiary facts sufficient to raise triable issues of fact that Sun Oil was responsible for the contamination (*see, State of New York v Tarrytown Corporate Ctr., II,* 208 AD2d 1009, 1010). The plaintiffs, however, simply proffered evidence of leaks in two tanks in 1983, and failed to demonstrate any connection between those leaks and the subject contamination. This showing did not suffice to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Moreover, the plaintiffs' failure to come forward with evidence of any intentional or reckless acts or omissions on the part of Sun Oil, or of actual or constructive notice of any defects in the tanks that caused or contributed to the contamination also mandates dismissal of the causes of action alleging gross negligence (*see, Roe v Barad,* 230 AD2d 839, 840; *Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd.,* 132 AD2d 430, 435, *affd* 73 NY2d 796), trespass (*see, Phillips v Sun Oil Co.,* 307 NY 328, 331-332), and assault and battery (*see, Buggie v Cutler,* 222 AD2d 640; *see also, Cohen v Davis,* 926 F Supp 399, 402).

Additionally, the plaintiffs' demand to recover for punitive damages must be dismissed (*see, Karen S. v Streitferdt,* 172 AD2d 440; *Gravitt v Newman,* 114 AD2d 1000). Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.