■ CHARLES PRATO et al., Respondents, v ERNESTO VIGLIOTTA et al., Defendants, OCEAN ENTERPRISES, INC., et al., Respondents, and SUN MARK, INC., et al., Appellants. [715 NYS2d 865] —In an action, *inter alia*, to recover damages for private nuisance and for a violation of Navigation Law § 181, the defendants Sun Mark, Inc., and Sun Oil Company, d/b/a Sunoco, appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated September 22, 1998, which denied their motion for summary judgment dismissing the remaining causes of action in the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiffs, owners of residential property in East Moriches, commenced this action in 1994 seeking, *inter alia*, to recover damages for injuries resulting from the discharge of gasoline from underground storage tanks on the adjoining property, which until 1984 had been owned and operated as a gas station by the defendants Sun Mark, Inc., and Sun Oil Company, d/b/a Sunoco (hereinafter collectively Sun Oil). In September 1998, this Court reversed an order of the Supreme Court, Suffolk County, dated December 15, 1997, which denied Sun Oil's prior motion for partial summary judgment, dismissing the causes of action to recover damages for trespass, assault, battery, and gross negligence, and the demand for punitive damages, and granted the motion (*see, Prato v Vigliotta,* 253 AD2d 749).

While the prior appeal was pending, Sun Oil moved for summary judgment dismissing the remaining causes of action to recover damages for private nuisance and for violation of Navigation Law § 181 as well as the cross claims asserted against it. The Supreme Court denied the motion, and this appeal ensued.

The motion of Sun Oil should have been granted. On the prior appeal we found that the plaintiffs had failed to demonstrate any connection between the contamination of their property and two tank leaks that occurred in 1983 (*see, Prato v Vigliotta, supra*). The conclusory allegations asserted in the affidavit of the plaintiffs' expert in opposition to Sun Oil's prima facie case for summary judgment dismissing the remaining causes of action and all cross claims insofar as asserted against it are similarly insufficient to raise a triable issue of fact (*see, Jones v Ortiz Welding & Mfg.,* 271 AD2d 409; *Aghabi v Sebro,* 256 AD2d 287; *Tropeano v Astoria Gen. Hosp.,* 235 AD2d 532). Reconsideration of the issues decided against the plaintiffs on the prior appeal is barred by the doctrine of law of the case (*see, Ometz Realty Corp. v Vanette Auto Supplies,* 262 AD2d 539; *Vedic Heritage v Patel,* 232 AD2d 477). Accordingly, the balance of the complaint and all cross claims should be dismissed insofar as asserted against Sun Oil. Bracken, J. P., Thompson, S. Miller and Florio, JJ., concur.