■ JENNY BERESFORD, Respondent, v WASIF WAHEED, Appellant. [754 NYS2d 350] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Silverman, J.H.O.), entered November 21, 2001, which, after an inquest, is in favor of the plaintiff and against him in the principal sum of $100,000.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new inquest on the issue of damages, with costs to abide the event.

The plaintiff brought this action to recover damages for personal injuries that she allegedly sustained in a two-vehicle collision with the defendant. Thereafter, the plaintiff obtained a default judgment based upon the defendant's failure to appear or answer. The defendant appealed from the order granting the plaintiff's motion for leave to enter judgment on his default without addressing the issue of whether the plaintiff sustained a serious injury. This Court affirmed that order, concluding that the defendant failed to demonstrate either a reasonable excuse or the existence of a meritorious defense (*see Beresford v Waheed,* 288 AD2d 170).

At the inquest, the plaintiff introduced evidence that she sustained a herniated disc and a bulging disc in her lumbar spine. The Supreme Court awarded her the sum of $100,000 for past pain and suffering, and judgment was entered in her favor.

Under the circumstances of this case, the defendant is precluded, pursuant to the doctrine of law of the case, from raising the issue of serious injury on this appeal since this Court affirmed the order granting the plaintiff's motion for leave to enter a default judgment (*see Prato v Vigliotta,* 277

AD2d 214; *Ometz Realty Corp. v Vanette Auto Supplies,* 262 AD2d 539; *Duffy v Holt-Harris,* 260 AD2d 595; *cf. Zecca v Riccardelli,* 293 AD2d 31). However, the Supreme Court improperly permitted the plaintiff's expert to base his opinion on a magnetic resonance imaging report that was not placed in evidence, and was prepared by another healthcare professional who did not testify (*see Wagman v Bradshaw,* 292 AD2d 84). Therefore, a new inquest on the issue of damages is required.

Our decision is consistent with the result reached in *Zecca v Riccardelli (supra).* In *Zecca,* this Court held that where a plaintiff is granted summary judgment on the issue of liability, without opposition from the defendant, the plaintiff, nonetheless, has the burden of establishing that he or she suffered a serious injury, as defined by Insurance Law § 5102 (d). In contrast to Zecca, the instant case did not involve an unopposed motion for summary judgment. Here, the defendant opposed the plaintiff's motion for leave to enter a default judgment by cross moving to compel service of his proposed answer. The defendant, in his cross motion, raised the issue of a meritorious defense without addressing the issue of serious injury. In this case, the issue of whether the defendant set forth a meritorious defense, including the issue of serious injury, was fully litigated on the merits. Accordingly, there was a final adjudication on the merits with respect to the issue of a serious injury upon the Supreme Court's granting of the plaintiff's motion for leave to enter a default judgment, which was subsequently affirmed by this Court.

In light of our determination, we need not reach the defendant's remaining contention. Ritter, J.P., Santucci, Goldstein and Cozier, JJ., concur.