*879 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and matter remanded to the court below for a determination de novo of appellants’ motion for summary judgment.
Defendants Schafer and Hassleo moved for summary judgment on the ground that the plaintiffs did not satisfy the requirement of suffering a serious injury under Insurance Law § 5102 (d). The court denied the motion on the ground that there had been a prior motion for summary judgment on the issue of liability made by another driver, codefendant Mayer, and a cross motion by plaintiffs for the same relief which defendants Schafer and Hassleo had opposed raising the issue of a meritorious defense without addressing the issue of serious injury. Said prior motion resulted in an order which granted summary judgment dismissing the complaint against defendant Mayer and granted plaintiffs’ cross motion on the issue of liability finding defendants Schafer and Hassleo 100% responsible for the accident. No appeal was taken from said prior order.
Upon the instant motion, the lower court, relying on First and Fourth Department cases (Maldonado v DePalo, 277 AD2d 21 [1st Dept 2000]; Simone v City of Niagara Falls, 281 AD2d 923 [4th Dept 2001]), ruled that the grant of summary judgment to plaintiffs on the issue of liability necessarily determined that the injured plaintiffs sustained serious injuries and that defendants Schafer and Hassleo had the opportunity to raise the threshold issue of serious injury in the prior motion but failed to do so. Consequently, it was deemed that there was a final adjudication on the merits with respect to that issue.
We disagree. In Zecca v Riccardelli (293 AD2d 31 [2002]), decided subsequent to the instant order, the Second Department took issue with the First and Fourth Departments, ruling that a grant of summary judgment to plaintiff on the issue of liability does not include a determination that serious injury exists. Thus a defendant’s failure to oppose a motion for summary judgment on the issue of liability does not relieve plaintiff of his or her burden of establishing that he or she suffered a serious injury.
In light of Zecca and in view of the fact that in the prior cross motion by plaintiffs on the issue of liability, they failed to submit any evidence establishing serious injury, contrary to *880 the decision of the lower court, the appellants were under no obligation to raise a triable issue of fact concerning serious injury and said issue was not adjudicated therein.
The case of Beresford v Waheed (302 AD2d 342 [2003]) is not to the contrary. In opposing a prior motion by plaintiff to enter a default judgment and in support of his cross motion to compel acceptance of his proposed answer, the defendant in Beresford alleged the existence of a meritorious defense but did not address the issue of serious injury. The motion court granted plaintiff’s motion and denied defendant’s cross motion. Said order was affirmed on appeal (288 AD2d 170 [2001]) with the Appellate Division holding that defendant failed to establish either a meritorious defense or an excusable default. Following the inquest in Beresford, the defendant again appealed and sought to raise the issue of serious injury. The Appellate Division (302 AD2d 342 [2003]) held that the issue of serious injury had been fully litigated on the prior motion and there was a final adjudication on the merits with respect thereto. As the order was affirmed on appeal, by virtue of the doctrine of law of the case, the defendant was precluded from raising said issue. Unlike a motion for summary judgment which can limit its scope to only the issue of liability, and leave for subsequent determination the extent of injury, by necessity, in opposing a motion to enter a default judgment, both excusable default and a meritorious defense must be shown. The defendant in Beresford was obliged to raise all of his defenses in opposing the motion.
In the case at bar, unlike Beresford, the issue of serious injury has never been litigated as neither plaintiffs nor defendants raised such issue upon the prior motion and the issue of serious injury was not required to be reached in determining plaintiffs’ prior motion for summary judgment on the issue of liability (see Zecca, 293 AD2d 31 [2002]). Accordingly, the lower court erred insofar as it denied appellants’ instant motion solely on the basis of the order granting plaintiffs’ prior motion for summary judgment on the issue of liability. Under the circumstances, the order is reversed and the matter remanded to the court below for a determination de novo.
Winick, J.P., Lifson and Skelos, JJ., concur.