■ JAMES C. THRALL, JR., Respondent-Appellant, v CITY OF SYRACUSE et al., Appellants-Respondents. (Appeal No. 1.) — Order affirmed, with costs to plaintiff. Concur — Hancock, Jr., J. P., Callahan, Denman and Green, JJ.

Moule, J., dissents and votes to reverse, in the following memorandum: Plaintiff was injured in January, 1979 when the car he was driving was struck by a snow plow owned by defendant City of Syracuse and driven by defendant Thornton. Plaintiff was taken to the hospital by ambulance, but was released shortly after being examined. Plaintiff subsequently brought this negligence action seeking noneconomic damages for injuries sustained in the accident. At trial plaintiff testified that he experienced considerable pain following the accident and that his arm was locked in a crooked position. The day after the accident plaintiff went to see Dr. Baker, an orthopedic surgeon. Plaintiff

testified that, at the time of trial, he had regained most of the movement in his arm. Dr. Baker testified at trial that plaintiff had sustained a bruised arm, a muscle strain in his left shoulder, and a possible stretching of nerve tissues leading from the neck to the shoulder. Dr. Baker stated that, when he examined plaintiff in March, 1979, he noted "some weakness" in plaintiff's arm muscles, but found him to be "functioning in all areas." At a subsequent examination in April, 1979, Dr. Baker noted that plaintiff had a full range of motion. The jury returned a verdict for plaintiff in the amount of $125,000. Defendants moved pursuant to CPLR 4404 to set aside the verdict on the ground that plaintiff did not sustain a "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law and that the verdict was excessive. The court granted defendants' motion to set aside the verdict as excessive unless plaintiff, within 30 days, agreed to accept $30,000 in full satisfaction of his judgment. Defendants' motion was otherwise denied. A person who is injured as the result of the negligent operation of a motor vehicle may not recover for noneconomic loss except in the case of a "serious injury" (Insurance Law, § 673, subd 1). A "serious injury" is defined as "a personal injury which results in * * * significant limitation of use of a body function or system" (Insurance Law, § 671, subd 4). " '[S]ignificant' as used in the statute pertaining to 'limitation of use of a body function or system' should be construed to mean something more than a minor limitation of use * * * a minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute" (*Licari v Elliott*, 57 NY2d 230, 236). The threshold question of whether plaintiff has made out a prima facie case of serious injury should be decided by the court (*Licari v Elliott, supra*, p 238). In *Licari*, the court held that, based upon the evidence presented, particularly plaintiff's failure to offer any evidence of the extent of the limitation of his injuries, plaintiff's injury did not constitute a significant limitation of use of a body function or system, and hence was not "serious" within the meaning of subdivision 4 of section 671 of the Insurance Law. The facts of this case are analogous to those in *Licari*. Plaintiff failed to present any evidence of the extent of the limitation of his injuries; Dr. Baker's testimony that plaintiff had a full range of motion in April, 1979 actually refutes any claim that plaintiff's injuries significantly limited the use of his arm and shoulder. Plaintiff failed to prove that he sustained a "serious injury" and, consequently, I would reverse the order denying defendants' motion to set aside the verdict. (Appeals from order of Supreme Court, Onondaga County, Aloi, J. — set aside verdict.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.