■ Marilynn Star, Appellant, v Daniel Badillo, Jr., et al., Respondents. [638 NYS2d 791] ■

The plaintiff's contention that the court lacked jurisdiction to search the record as to the issue of serious injury on her motion for partial summary judgment on liability and to direct an inquest as to damages is without merit. While the defendants' cross motion for summary judgment was defective because they failed to serve a notice of cross motion, whether the plaintiff suffered a serious injury as defined by Insurance Law § 5102 (d) was clearly raised as an issue in the defendants' motion papers in opposition to the plaintiff's motion. Further, the plaintiff could not establish a right of recovery without establishing serious injury *(see,* Insurance Law § 5104; *Thrall v City of Syracuse,* 96 AD2d 715, *revd on dissenting opn below* 60 NY2d 950; *Kreuzer v Gordon Co.,* 138 AD2d 268, 269). Thus, the court was permitted to search the record and grant the defendants summary judgment without the necessity of a cross motion *(see,* CPLR 3212 [b]).

Upon searching the record, the court properly granted the defendants summary judgment and dismissed the complaint. The evidence submitted by the defendants was sufficient to establish that the plaintiff did not suffer serious injury *(see, Rhind v Naylor,* 187 AD2d 498; *Forte v Vaccaro,* 175 AD2d. 153). Further, on the plaintiff's motion, *inter alia,* for renewal, the court correctly refused to consider the reports based on examinations conducted after the date of the court's previous order *(see, Hurst v Hilgenfeldt,* 189 AD2d 855, 856). None of the remaining evidence offered in support of the plaintiff's motion to renew was sufficient to raise a triable issue of fact as to whether she sustained a serious injury under Insurance Law § 5102 (d) *(see, Waldman v Dong Kook Chang,* 175 AD2d 204). Mangano, P. J., Thompson, Friedmann, Florio and McGinity, JJ., concur.