■ HECTOR MALDONADO et al., Respondents, v FILOMENA DEPALO et al., Appellants. [715 NYS2d 245] —Order, Supreme

Court, Bronx County (Bertram Katz, J.), entered May 22, 2000, which, in an action for personal injuries, insofar as appealed from, denied defendants' motion to vacate the note of issue and to compel disclosure, unanimously modified, on the law, the facts and in the exercise of discretion, to permit defendants to take a physical examination of plaintiffs within 30 days of the date of this order, and otherwise affirmed, without costs.

A prior order granted plaintiffs' motion for partial summary judgment on the issue of liability and directed an inquest upon plaintiffs' filing of a note of issue. Such order was based on defendants' failure to come forward with evidence tending to show they were not at fault for rear-ending plaintiffs' vehicle, without mentioning the issue of serious injury. Defendants did not appeal this order or seek to reargue it before the IAS Court. Instead, almost three months after receiving the note of issue, defendants moved to vacate the note of issue and reinstate their answers. The IAS Court denied the motion, ruling that its prior order finally resolved the issue of serious injury in favor of plaintiffs and limited defendants to contesting only the amount of damages to be awarded at the inquest. Such was indeed the effect of the order. Serious injury is a "threshold" issue (*see, Licari v Elliott*, 57 NY2d 230, 239), a necessary element to a prima facie case that must be pleaded in the complaint (CPLR 3016 [g]). Thus, in granting summary judgment in favor of plaintiffs on the issue of liability, the IAS Court necessarily decided that they sustained serious injuries. However, in the exercise of our discretion, we direct plaintiffs to submit to a physical examination pertinent to the damage issues to be determined at the inquest. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.