◼ EMMANUEL GODWINS, Respondent, v JENNIFER A. COGGINS, Appellant. [720 NYS2d 809] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered April 7, 2000, which, upon her default in appearing or answering, and upon her appearance at an inquest on the issue of damages, is in favor of the plaintiff and against her in the principal sum of $150,000.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new inquest on the issue of damages, if any.

The plaintiff brought the instant action to recover damages for personal injuries which he allegedly suffered in a two-vehicle collision with the defendant. Upon the defendant's default in answering or appearing, the plaintiff was awarded a judgment on the issue of liability and the matter was set down for an inquest on the issue of damages. Although defense counsel appeared at the inquest, the court refused to allow him to participate. After the inquest, the plaintiff was awarded the principal sum of $150,000.

"It is well settled that a defaulting defendant is entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages (*see, Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568; *McClelland v Climax Hosiery Mills*, 252 NY 347, 351)" (*Santiago v Siega*, 255 AD2d 307). The trial court improperly refused to allow defense counsel, who appeared at the inquest, to participate. Thus, the matter is remitted to the Supreme Court, Kings County, for a new inquest on the plaintiff's damages, if any. We note that at the inquest the plaintiff is required to estab-

lish the extent of the damages that he sustained (*see, Syrkett v Burden,* 176 AD2d 938; *Paulson v Kotsilimbas,* 124 AD2d 513; *Wine Antiques v St. Paul Fire & Mar. Ins. Co.,* 40 AD2d 657, *affd* 34 NY2d 781; *cf., Green v Dolphy Constr. Co.,* 187 AD2d 635).

The defendant's remaining contention is without merit. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.