■ Norris O. Porter et al., Respondents-Appellants, v SPD Trucking et al., Appellants-Respondents. [727 NYS2d 70] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered July 12, 2000, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiffs did not sustain serious injuries within the meaning of Insurance Law § 5102 (d), and denied plaintiffs' cross motion to preclude defendants from offering any evidence at inquest, unanimously modified, on the law and the facts, to grant the cross motion to the extent of precluding defendants from offering at inquest records that defendants obtained by way of the subpoena they served on plaintiffs' no-fault carrier, and otherwise affirmed, without costs.

Serious injury is a necessary element to plaintiffs' prima facie case that had to be pleaded in their complaint (CPLR 3016 [g]). Thus, the prior order granting plaintiffs a default judgment necessarily decided that they sustained serious injuries, and, unless vacated, precludes defendants from asserting otherwise (*cf., Maldonado v DePalo*, 277 AD2d 21). While defendants' default did not result in a forfeiture of their right to contest plaintiffs' "real damages" (*McClelland v Climax Hosiery Mills*, 252 NY 347, 351), they should nevertheless be precluded from using the records that they obtained by way of the subpoena they served on plaintiffs' no-fault carrier without notice to plaintiffs. A subpoena may not be used for the purpose of discovery or to ascertain the existence of evidence (*Matter of Terry D.*, 81 NY2d 1042, 1044). Defendants, who, as defaulting parties, are not entitled to disclosure from plaintiffs on the issue of damages in preparation for the inquest (*see, Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 573; *Yeboah v Gaines Serv. Leasing*, 250 AD2d 453), used an unlawful, ex parte subpoena (CPLR 2103 [e]; *see, Matter of Weinberg*, 129 AD2d 126, *rearg denied* 132 AD2d 190, *lv dismissed sub nom. Matter of Beiny*, 71 NY2d 994) in pursuit of pretrial discovery that was otherwise unavailable to them, at least absent a court order. Accordingly, defendants should not be permitted to benefit from the evidence they discovered by virtue of that subpoena, and we modify accordingly. It would be too

harsh a penalty however to preclude defendants from offering other evidence they might have bearing on damages. Concur— Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.