OPINION OF THE COURT
Patricia P. Satterfield, J.
This is an action for personal injury arising out of an automobile accident that occurred on November 8, 1998, on the F.D.R. Drive southbound near the 71st Street exit in New York, New York, at which time the vehicle in which plaintiff was a passenger came into contact with a vehicle owned by defendant Turbo Trans Corp. and operated by defendant Arkadi *293 Kiritchenko. By decision and order of this court, dated July 5, 2001, plaintiffs motion for a default judgment was granted with respect to liability, and the matter was set down for an inquest to determine damages. The inquest was held November 5, 2001, at which time plaintiff offered evidence with respect to his claim for damages based upon personal injuries.
The preliminary question that must be addressed by this court is whether, as a condition precedent to an award of damages, plaintiff, who was granted a default judgment on liability, must first establish at inquest that he suffered a “serious injury,” as defined by section 5102 (d) of the Insurance Law. The general rule is that a person who is injured as the result of the negligent operation of a motor vehicle may not recover for noneconomic loss except in the case of a “serious injury,” which is defined by section 5102 (d) as:
“a personal injury which results in * * * significant disfigurement; * * * permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.”
It is the holding of this court that, prior to recovering damages, a plaintiff, even at inquest, must first establish that a “serious injury” was sustained. (See, Star v Badillo, 225 AD2d 610, and cases cited therein [holding that the plaintiff could not establish a right of recovery without establishing serious injury].)
That a plaintiff, in the Second Department, is not relieved of the obligation to meet the threshold requirement just because the defendant defaults in answering is supported by the decision of the Appellate Division, Second Department, in Perez v State of New York (215 AD2d 740). There, the Court stated (215 AD2d at 741-742):
“Pursuant to the Uniform Rules for the Court of Claims ‘Qjudges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious *294 resolution of the action’ (22 NYCRR 206.19 [a]). As a general principle, the liability phase of a bifurcated trial is not the proper juncture at which to adjudicate issues regarding the severity of the injuries of the party prosecuting the case. Indeed, in a jury trial the jury is commonly instructed to decide only the question of liability and to disregard as irrelevant any reference to injuries or medical treatment (see, PJI 1:35A [Supp]). As such, during the liability portion of a bifurcated trial arising out of an automobile accident, the fact-finder should be concerned with the apportioning of fault among the parties whose negligence it finds to have been a proximate cause of the accident (see, DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236, 246). Issues which pertain to the extent of the injuries suffered by a plaintiff, including whether a plaintiff suffered a serious injury as such term is defined in Insurance Law § 5102 (d), should generally be left for the damages phase of the trial (see, e.g., Keller v Terr, 176 AD2d 921; Moreno v Roberts, 161 AD2d 1099).”
Section 202.42 of the Uniform Rules for Supreme Court and County Court (22 NYCRR), in virtually identical language, also encourages a bifurcated trial of the issues of liability and damages. The bifurcated trial indeed is the practice in the Second Department. (Compare, Maldonado v DePalo, 277 AD2d 21 [holding by the Appellate Division, First Department, that a prior order granting plaintiffs’ motion for partial summary judgment on the issue of liability and directing an inquest necessarily decided that they sustained serious injuries].) This court’s grant of a default judgment on the issue of liability in the instant case certainly was not intended to obviate in any way plaintiff’s obligation to show on the inquest for damages that he sustained a “serious injury.” This he failed to do.
Plaintiff testified at the hearing, and submitted as evidence in support of his claim the medical affirmation of Dr. Michael Goldstein, a licensed chiropractor, dated September 4, 2001, to which were attached medical records, including unsworn reports of Jeffrey Perry, D.O., dated January 21 and March 9, 1999, respectively; unsworn medical records and reports of various other medical providers, including January 4, 1999 and December 23, 1998 M.R.I. reports of Marvin J. Weingarten, M.D., of MRI of Orange-Orange Radiology Associates, and MRI Diagnostics of Rockland, Inc., respectively; and uncerti *295 fied medical records of Good Samaritan Hospital, Suffern, New York. None of the medical information provided is competent evidence to meet the threshold requirement of establishing a “serious injury.”
First, the affirmation of the chiropractor does not constitute competent evidence on this issue; affirmations by chiropractors which are not subscribed before a notary or other authorized official do not constitute evidence in admissible form. (Young v Ryan, 265 AD2d 547; see, CPLR 2106; Doumanis v Conzo, 265 AD2d 296; McNeil v Crutchley, 250 AD2d 655; Gill v O.N.S. Trucking, 239 AD2d 463.) Moreover, even if this court were to consider the medical affirmation of Dr. Michael Goldstein, it would be less than probative, as it is not based upon a recent examination that would raise a triable issue of fact as to whether plaintiff suffered a serious injury as defined by the Insurance Law. (See, Atkins v Metropolitan Suburban Bus Auth., 222 AD2d 390; McCleary v Hefter, 194 AD2d 594.) Dr. Gold-stein, in his September 4, 2001 affirmation, sets forth that plaintiff sustained “small subligamentous central and right of midline herniation at L4-L5. Central and right of midline disc herniation at C5-C6”; he concludes that these injuries “are casually related to the plaintiff’s automobile accident.” He bases this conclusion, in part, upon unsworn medical reports and the results of his examinations, of unknown dates and treatment. Certainly a disc herniation may constitute a serious injury; however, under the circumstances of this case, it would be “sheer speculation” to conclude that plaintiffs accident was the cause of any disc herniation. (See, Waaland v Weiss, 228 AD2d 435.) Nor is any explanation proffered to explain the “gap in treatment immediately preceding the submission of the reports” (Borino v Little, 273 AD2d 262 [citation omitted]; Mejia v Thom, 280 AD2d 528).
Secondly, the medical records from the various care providers were neither affirmed nor certified; the unsworn medical reports submitted by plaintiff cannot properly be considered by this court. Any medical reports submitted as evidentiary proof must be sworn. (See, Grasso v Angerami, 79 NY2d 813; Williams v Hughes, 256 AD2d 461; Fernandez v Shields, 223 AD2d 666; Rum v Pam Transp., 250 AD2d 751; Lincoln v Johnson, 225 AD2d 593; Barrett v Howland, 202 AD2d 383; LeBrun v Joyner, 195 AD2d 502; Grasso v Angerami, 79 NY2d 813, 814; Mobley v Riportella, 241 AD2d 443, 444.) Nor, even if considered, do they contain sufficient evidence to establish that plaintiffs alleged injuries were “serious,” within the meaning *296 of Insurance Law § 5102 (d), or causally related to the accident. (See, Lalli v Tamasi, 266 AD2d 266; Verrelli v Tronolone, 230 AD2d 789.)
Finally, plaintiffs subjective complaints of pain are without probative value and insufficient to establish “serious injury.” (Guzman v Paul Michael Mgt., 266 AD2d 508; see, Dyagi v Newburgh Auto Auction, 251 AD2d 619.) Moreover, plaintiff testified that he received treatment from Dr. Goldstein for six to seven months, and last saw him on June 7, 1999, well over two years ago.
Plaintiff clearly failed to meet his burden by submitting competent evidence that he sustained a “serious injury” within the meaning of Insurance Law § 5102 (d). (Ventura v Moritz, 255 AD2d 506; Washington v Mercy Home For Children, 232 AD2d 549; Torres v Micheletti, 208 AD2d 519; Cesar v Felix, 181 AD2d 852; Bates v Peeples, 171 AD2d 635; see also, Gaddy v Eyler, 79 NY2d 955, 956-957; Risbrook v Coronamos Cab Corp., 244 AD2d 397.) Accordingly, after inquest, the complaint is dismissed.