[742 NYS2d 76]

Frank J. Zecca, Respondent, v Anthony M. Riccardelli, Appellant. (Action No. 1.)

Steven Ehrlich et al., Respondents, v Anthony M. Riccardelli, Appellant. (Action No. 2.)

Second Department, April 29, 2002

### APPEARANCES OF COUNSEL

*Kay & Gray,* Woodbury (*John A. Asta* of counsel), for appellant in both actions.

### OPINION OF THE COURT

FEUERSTEIN, J.

On this appeal we address the issue of whether the granting of a motion for summary judgment on the issue of liability automatically includes a determination that the plaintiff has sustained a serious injury within the definition of Insurance Law § 5102 (d), even if the issue of serious injury was not raised. For the reasons that follow, we conclude that it does not.

I

On May 15, 1998, a vehicle owned and operated by Frank J. Zecca, the plaintiff in Action No. 1, in which Steven Ehrlich (hereinafter Ehrlich), a plaintiff in Action No. 2, was a passenger, was hit in the rear by a vehicle owned and operated by Anthony M. Riccardelli, the defendant in both actions.

An action was commenced by Zecca against Riccardelli for the injuries he allegedly sustained as a result of the accident. In the complaint, Zecca alleged that he sustained serious injuries as defined by Insurance Law § 5102 (d). A separate action was also commenced by Ehrlich and his wife against Riccardelli and Zecca. Riccardelli answered both complaints and denied the material allegations including that Ehrlich and Zecca sustained serious injuries. Zecca's bill of particulars claimed, inter alia, that Ehrlich injured his cervical and lumbar spine. The Ehrlichs' bill of particulars claimed similar injuries. Although not part of the record on appeal, the two cases were apparently joined for trial.

On November 20, 2000, Zecca moved for summary judgment dismissing the Ehrlichs' complaint against him. Zecca presented evidence in the form of his own deposition testimony and Riccardelli's deposition testimony demonstrating that the accident was entirely the fault of Riccardelli's failing to keep a safe distance between his vehicle and Zecca's. Zecca also moved for summary judgment on the issue of liability against Riccardelli. Zecca relied upon the main motion as support for his claim of entitlement to summary judgment on liability. In neither motion was there any mention or proof of the claimed serious injuries sustained by Zecca.

The Ehrlichs also moved for summary judgment on the issue of liability against Riccardelli. They relied upon the evidence submitted in support of Zecca's motion for summary judgment dismissing the complaint as proof that there were no issues of fact regarding Riccardelli's liability. They submitted no evidence demonstrating that Ehrlich sustained a serious injury.

By two separate orders both dated January 5, 2001, the Supreme Court granted the motions without opposition.

On or about March 6, 2001, the Ehrlichs moved to preclude Riccardelli from raising the issue of serious injury at trial. They asserted that the order granting their motion for summary judgment on the issue of liability necessarily decided the issue of serious injury in their favor. Zecca moved for the same relief and asserted the same basis for preclusion. Riccardelli opposed the motions, arguing that the issues of liability and damages are separate and that the issue of serious injury is a component of damages.

By order dated May 14, 2001, the Supreme Court granted the motions on constraint of the decision of the Appellate Division, First Department, in *Maldonado v DePalo* (277 AD2d 21) holding that summary judgment on liability necessarily includes a finding that there was a serious injury.

## II

It is well settled that one of the purposes of New York's No-Fault Law, article 51 of the Insurance Law, was to reduce the number of common-law tort actions commenced in accidents involving the use or operation of a motor vehicle (*see Oberly v Bangs Ambulance,* 96 NY2d 295; *Walton v Lumbermens Mut. Cas. Co.,* 88 NY2d 211; *Montgomery v Daniels,* 38 NY2d 41). It is with this purpose in mind that the Legislature drafted section 5102 (d) of the Insurance Law, which defines "serious injury," to eliminate recovery in a common-law tort action for minor personal injuries. As a threshold matter in an automobile accident personal injury case, the plaintiff is required to plead and prove that he or she sustained a "serious injury" as defined in the No-Fault Law (*see* Insurance Law § 5102 [d]; § 5104; *Licari v Elliott,* 57 NY2d 230). Further, it is for the court to determine, in the first instance, whether the plaintiff has sustained a serious injury because "[t]he result of requiring a jury trial where the injury is clearly a minor one would perpetuate a system of unnecessary litigation" (*Licari v Elliott, supra* at 237).

Basic summary judgment principles have long held that it is the movant's burden to present evidence demonstrating his or

her prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557). Accordingly, if the movant does not submit sufficient evidence on a particular issue or cause of action to justify judgment as a matter of law, the burden never shifts to the adversary to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). Even where there is no opposition to a motion for summary judgment, the court is not relieved of its obligation to ensure that the movant has demonstrated his or her entitlement to the relief requested.

## III

It is with these guiding principles in mind that we address the specific question presented here—whether the granting of summary judgment on the issue of "liability" in favor of a plaintiff without opposition from a defendant included a favorable determination on the plaintiff's claim of serious injuries.

While this Court has not decided the issue presented directly, *Perez v State of New York* (215 AD2d 740) supports our determination on this appeal. In *Perez,* the Supreme Court dismissed a case during the liability phase of a bifurcated trial based upon the fact that the plaintiff failed to establish a serious injury. We reversed, stating that the liability phase of a trial is not the proper place to adjudicate issues regarding the severity of injuries and that such issues should be left to the damages phase of the trial (*see id.; see also Kelley v Balasco,* 226 AD2d 880).

The Appellate Division, First Department, has addressed this issue squarely and has come to the conclusion that, even though the issue was never raised in the motion papers, the granting of summary judgment on liability "necessarily" includes a finding that the plaintiff sustained serious injuries (*Maldonado v DePalo,* 277 AD2d 21; *see also DePetres v Kaiser,* 244 AD2d 851 [Fourth Department also treats the issue of serious injury as part of liability]). We disagree and hold that such a ruling is inconsistent with the intent of the No-Fault Law, as well as basic summary judgment principles, and has the practical effect of increasing motion practice.

By holding that the issue of serious injury is "necessarily" resolved in favor of the plaintiff even when no evidence of such injury is presented, the courts may be authorizing recovery for minor injuries, which is contrary to the purpose of the No-Fault Law as set forth above. It is the plaintiff's burden to establish that he or she has sustained a serious injury within the

definition of Insurance Law § 5102 (d). Further, the court is charged with the duty of determining, as a threshold matter, whether the plaintiff has presented proof of such an injury. Accordingly, the court would be abdicating its duty by allowing a plaintiff to recover for minor injuries, merely because the defendant failed to, or chose not to, respond to a motion for summary judgment on liability. Lack of opposition to a motion for summary judgment on the issue of liability, be it negligent or purposeful, is not justification to relieve the plaintiff of his or her burden to submit adequate evidence of his or her injury.

The practical effect of the First and Fourth Department rulings is that more unnecessary motions will occur. Faced with a motion for summary judgment on liability in cases such as the present case, a hit in the rear where there can be no real defense, defendants will be forced to cross-move on the issue of serious injury even if that issue is not raised in the main motion. This creates a burden on the defendant to demonstrate a prima facie entitlement often without disclosure and at great expense. Further, defendants who would otherwise be willing to concede liability, will now be forced to submit opposition thereby delaying the trial process and further burdening the court. The most practical conclusion is that if the plaintiff wishes to move for summary judgment on liability and serious injury, he or she should present sufficient evidence to establish a prima facie case on both issues and then the defendant can oppose or cross-move on either or both issues without the fear of being surprised by a preclusion order.

## IV

The issue of serious injury was never raised or decided in the motions for summary judgment on liability made by Zecca and the Ehrlichs. This case is the perfect vehicle to demonstrate the problem with automatically including a serious injury determination in the granting of an unopposed motion for summary judgment on liability. The injuries allegedly suffered by Zecca and Ehrlich have never been examined to determine if they fit within the definition of a serious injury. Such a result was clearly not intended by the Legislature when it enacted the No-Fault Law. Therefore, Zecca and the Ehrlichs were not entitled to the windfall that a preclusion order would provide. Accordingly, the order is reversed, with costs, and the motions are denied.

PRUDENTI, P.J., McGINITY and LUCIANO, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and the motions are denied.