■ JOSEPHINE TAMBURELLO, Respondent, v BENSONHURST CAR & LIMO SERVICE, INC., et al., Appellants. [759 NYS2d 690] —In an action, inter alia, to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Silverman, J.H.O.), entered April 12, 2002, which, upon their failure to appear or answer the complaint and upon an inquest on the issue of damages at which they appeared, is in favor of the plaintiff and against them in the principal sum of $200,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new inquest on the issue of damages, if any.

The plaintiff brought this action, inter alia, to recover damages for personal injuries allegedly sustained as a result of an automobile accident involving a vehicle she was driving and the defendants' vehicle. Upon the defendants' failure to appear or answer the complaint, the plaintiff was granted a default judgment and the matter was set down for an inquest on damages. Although counsel for the defendants appeared at the inquest, the Supreme Court refused to allow him to participate. At the conclusion of the inquest, the court awarded the plaintiff the principal sum of $200,000.

It is well settled that a defaulting defendant is entitled to present testimony and evidence, and to cross-examine the plaintiff's witnesses at an inquest on damages (*see Godwins v Coggins,* 280 AD2d 582 [2001]; *cf. Santiago v Siega,* 255 AD2d 307 [1998]). Accordingly, the Supreme Court improperly refused to allow the defendants' counsel to participate, and the matter must be remitted to the Supreme Court, Kings County, for a new inquest on the issue of damages, if any. We note that at the new inquest the plaintiff is required to establish, through admissible evidence, the extent of the injuries she sustained (*see* Insurance Law § 5102 [d]; *Godwins v Coggins, supra*; *Syrkett v Burden,* 176 AD2d 938, 939 [1991]; *Paulson v Kotsilimbas,* 124 AD2d 513, 514 [1986]).

The defendants' remaining contentions either are without merit or have been rendered academic in light of our determination. Prudenti, P.J., Ritter, Feuerstein and Crane, JJ., concur.