■ Elise Reid et al., Respondents, v Herbert Brown et al., Appellants, et al., Defendant. [764 NYS2d 260] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 6, 2002, which, in an action for personal injuries sustained in a rear-end collision, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102 (d), on the ground that a prior default judgment on the issue of liability also settled the question of serious injury, unanimously reversed, on the law, without costs, the disposition vacated and the matter remanded for the parties to submit appropriate papers on the issue of serious injury for determination by the motion court.

The IAS court construed the default on plaintiffs' motion for summary judgment on "liability"—which only raised the issue

of defendants' fault—to also resolve the question of serious injury, apparently based upon our decisions in *Maldonado v DePalo* (277 AD2d 21 [2000]) and *Porter v SPD Trucking* (284 AD2d 181 [2001]). However, before a plaintiff may proceed to damages under Insurance Law § 5104, both fault and serious injury must be established. To the extent our holdings in *Maldonado* and *Porter* are to the contrary, we overrule them. In the instant case, plaintiffs established fault by virtue of defendants' default on the summary judgment motion, but never raised the issue of serious injury, which is a threshold matter separate from the issue of fault (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353-354 [2002]; *Young v Gould,* 298 AD2d 287 [2002]). Since the issue of serious injury was not established, we remand for further proceedings on that issue and, if established, on damages. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Marlow, JJ.