(February 17, 2004)

■ TAMIKA ORTIZ, Appellant, v ABDUL M. BISWAS, Respondent, et al., Defendants. [771 NYS2d 643]—

Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered December 26, 2002, which granted plaintiff's motion for a default judgment as against two of the three defendants* and, insofar as appealed from, directed that the question of whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d) be heard at an inquest to be conducted at the time of the trial involving the nondefaulting codefendant Hughes, unanimously affirmed, without costs or disbursements.

Plaintiff must prove that she suffered a serious injury even as against the defaulting defendant, since his default established only that he was at fault for the accident, not that plaintiff suffered a serious injury (*see Reid v Brown*, 308 AD2d 331 [2003]). The issue of serious injury should be heard at an inquest to be conducted in conjunction with the trial involving the codefendant, which will resolve the issue of serious injury as to both defendants. Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Sullivan, JJ.

---

* We are advised by plaintiff that the default judgment against Katreen Sublett, one of the two defaulting defendants, has been vacated by a so-ordered stipulation since Katreen Hughes and Katreen Sublett are the same person.