■ George Pampafikos et al., Appellants, v Harpreet K. Wander et al., Respondents. [771 NYS2d 642]—

Appeal from order, Supreme Court, Bronx County (Paul Victor, J.), entered April 18, 2002, which granted plaintiff's motion for a default judgment and, insofar as appealed from, directed that the question of whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d) be heard at the inquest, unanimously dismissed, as superseded by the order entered June 3, 2003. Appeal from order, same court and Justice, entered April 21, 2003, which denied plaintiff's motion to reargue the order of April 18, 2002, unanimously dismissed, as taken from a nonappealable order. Order, same court (Patricia Williams, J.), entered June 3, 2003, which denied a motion by one of the two defendants to vacate her default and, insofar

---

as appealed from, directed that the issue of whether plaintiff suffered a serious injury be heard at the inquest, unanimously affirmed, without costs or disbursements.

Plaintiff must prove that he suffered a serious injury even as against the defaulting defendants, since their default established only that they were at fault for the accident, not that plaintiff suffered a serious injury (*see Reid v Brown*, 308 AD2d 331 [2003]). Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Sullivan, JJ.