■ MAMADOU TOURE, Appellant, v MARIO HARRISON, Respondent. [775 NYS2d 282]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 17, 2003, which denied plaintiff's motion for a default judgment and deemed defendant's answer served, unanimously reversed, on the law and the facts, without costs, plaintiff's motion for a default judgment granted and defendant's cross motion for, among other things, an order compelling plaintiff to accept his answer denied.

On January 30, 2002, a vehicle driven by plaintiff was stopped at a red light when it was struck in the rear by a vehicle driven by defendant. On May 30, 2002, plaintiff received a request for medical authorizations from Utica Mutual Insurance Company, which, ostensibly, was defendant's carrier.

The action was commenced on August 12, 2002. The affidavit of service, filed September 30, 2002, states that defendant was served by leaving a copy of the summons and complaint with a person of suitable age and discretion, identified as his wife, "Dalis Harrison," at apartment 4B, 25 Cooper Street, New York, New York, which is the address defendant used on his driver's

license and in the police accident report. A second copy was mailed to defendant at the Cooper Street address on August 31, 2002.

On February 21, 2003, plaintiff moved for a default judgment. On or about March 19, 2003, defendant served an answer to the complaint and discovery demands which were rejected by plaintiff's counsel on or about March 26, 2003, due to the pendency of the default motion. On April 10, 2003, defendant cross-moved for an order denying plaintiff's motion for a default judgment, extending his time to submit an answer and compelling plaintiff to accept that answer.

In support of the cross motion, defendant in his affidavit averred that "Dalis Harrison" was never his wife, that in August 2002 he was living in Philadelphia, and that he had no knowledge of the lawsuit until his insurance carrier contacted him sometime in March 2003. Defense counsel also submitted an affirmation in which he asserted as a meritorious defense, that defendant had been cut off by a bicycle messenger, which distracted and prevented him from being able to react quickly enough when plaintiff's vehicle stopped short in front of his vehicle.

The motion court denied plaintiff's motion for a default judgment in light of the preference that matters be decided on their merits. Under the circumstances of this case, we reverse.

The only excuse defendant proffered for the delay in submitting an answer was that he was not aware of the service of the summons and complaint, because, at the time of the service, he was not living at the address where service was effectuated. However, since this is the address provided by defendant for his driver's license and the police accident report, he is estopped from contesting the validity of service made at that address (*see Deas v Brunke*, 199 AD2d 43 [1993]; *Benjamin v Avis Rent-A-Car Sys.*, 208 AD2d 449 [1994]). Moreover, while defendant claims Dalis Harrison was never his wife, he does not claim he does not know her or dispute that she was a person of suitable age and discretion, or that the Cooper Street address was his last known address.

Nor has defendant demonstrated a meritorious defense to the action. Counsel's unsupported allegations have no probative value and defendant's affidavit did not address the merits (*see Johnson v Phillips*, 261 AD2d 269 [1999]). In any event, drivers must maintain safe distances between their cars and the cars in front of them and be aware of traffic conditions. A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle and

defendant's claim that he was distracted and could not react quickly enough under the circumstances does not make out a meritorious defense (see e.g. Johnson v Phillips, 261 AD2d at 271; Figueroa v Luna, 281 AD2d 204 [2001]; Irmiyayeva v Thompson, 296 AD2d 439 [2002]).

Defendant, despite his default, is entitled to contest serious injury and damages, and to offer proof thereon (see Ortiz v Biswas, 4 AD3d 151 [2004]; Pampafikos v Wander, 4 AD3d 152 [2004]; O'Connor v S & R Medallion Corp., 2 AD3d 176 [2003]). However, by virtue of his default, defendant is not entitled to discovery from plaintiff on those issues (see Langer v Miller, 305 AD2d 270 [2003]; Yeboah v Gaines Serv. Leasing, 250 AD2d 453 [1998]; Minicozzi v Gerbino, 301 AD2d 580 [2003]).

We have considered defendant's other arguments and find them not persuasive. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.