(May 17, 2004)

■ MALIK G. ABBAS, Respondent, v ROY F. COLE, Appellant. [776 NYS2d 846]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Silverman, J.H.O.), entered August 12, 2003, which, following an inquest on the issue of damages, is in favor of the plaintiff and against him in the principal sum of $200,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new inquest on the issue of damages.

At an inquest on damages, a defaulting defendant is entitled to cross-examine the plaintiff's witnesses, and to present testimony and evidence (*see Tamburello v Bensonhurst Car & Limo Serv.*, 305 AD2d 664 [2003]; *Godwins v Coggins*, 280 AD2d 582 [2001]). Here, the defendant was denied this opportunity when the Supreme Court, inter alia, admitted the plaintiff's uncertified hospital records (*see* CPLR 4518 [c]) and unsworn medical reports (*see* CPLR 2106) into evidence over the defendant's objection (*see Paige v Lucatorto*, 292 AD2d 581 [2002]). Further, the errors were not harmless (*see Adkins v Queens Van-Plan*, 293 AD2d 503 [2002]; *Aguirre v Long Is. R.R.*

*Co.,* 286 AD2d 658 [2001]). Thus, the defendant is entitled to a new inquest at which the plaintiff will be required to establish, through admissible evidence, his damages, if any (*see* Insurance Law § 5102; *Tamburello v Bensonhurst Car & Limo Serv., supra*).

The defendant's remaining contentions either are academic or without merit. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.