[840 NYS2d 388]

MALIK G. ABBAS, Appellant, v ROY FRANCIS COLE, Respondent.

Second Department, July 17, 2007

### APPEARANCES OF COUNSEL

*Kagan & Gertel*, Brooklyn (*Irving Gertel* of counsel), for appellant.

*Longo & D'Apice* (*Sweetbaum & Sweetbaum*, Lake Success [*Marshall D. Sweetbaum*] of counsel), for respondent.

### OPINION OF THE COURT

SANTUCCI, J.

In this case we address the issue of whether or not a plaintiff, who has been granted a default judgment on the issue of liability in a case seeking compensation for personal injuries arising from a motor vehicle accident, is required to demonstrate the element of "serious injury" at the inquest on damages. For the reasons that follow, we conclude that, unless the issue of serious injury has been previously determined, the plaintiff must demonstrate at the damages inquest proof of a serious injury before there can be any recovery for pain and suffering arising from a motor vehicle accident.

The case at bar has its genesis in a 1999 automobile collision between vehicles operated by the defendant, Roy Francis Cole, and the plaintiff, Malik G. Abbas. Upon the failure of the defendant to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment. The defendant then cross-moved to extend his time to submit an answer and to compel the plaintiff to accept that answer. By order dated November 30, 2001, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. Following an inquest on the issue of damages, the court entered judgment in favor of the plaintiff in the principal sum of $200,000. Thereafter, on appeal by the defendant, this Court reversed the judgment on the ground that certain evidence was improperly admitted, and remitted the matter for "a new inquest at which the plaintiff will be required to establish, through admissible evidence, his damages, if any (*see* Insurance Law § 5102; *Tamburello v Bensonhurst Car & Limo Serv.*, [305 AD2d 664 (2003)])" (*Abbas v Cole*, 7 AD3d 649, 650 [2004]). After the new inquest was held, the Supreme Court concluded as follows: "[T]he court finds that the evidence presented by plaintiff at inquest was insufficient as a matter of law to establish that plaintiff sustained a

serious injury within the meaning of Insurance Law § 5102 (d), and that defendant is, therefore, entitled to a directed verdict dismissing the action." (*Abbas v Cole,* 2005 NY Slip Op 30101[U],*17 [2005].) We affirm.

Since the passage of the Comprehensive Automobile Insurance Reparations Act in 1973 (now Insurance Law § 5101 *et seq.*—the so called "No-Fault" statute), a plaintiff who seeks damages for pain and suffering arising from a motor vehicle accident must first establish that he or she has met or exceeded a "serious injury" threshold. Since that time, the question of what constitutes a serious injury has repeatedly engaged the judiciary and continues to be litigated. However, what has always been clear is that in an action arising from a motor vehicle accident, serious injury is a "threshold" issue (*see Licari v Elliott,* 57 NY2d 230, 237 [1982]; *Star v Badillo,* 225 AD2d 610 [1996]; Insurance Law § 5104). Indeed, serious injury is a requirement in actions which seek damages pursuant to Insurance Law § 5104, and thus a necessary element of a prima facie case thereunder (*see* CPLR 3016 [g]; *Star v Badillo, supra; Thrall v City of Syracuse,* 96 AD2d 715 [1983]).

We are now called upon to clarify the somewhat muddied waters surrounding the subject of whether an injury that meets or exceeds such a threshold is a necessary element to be proven upon an inquest for damages, i.e., after the plaintiff has obtained a default judgment on the issue of liability. While it is true that "a defaulting defendant admits all traversable allegations in the complaint, including the basic issue of liability, an allegation of damage is not a traversable allegation and, therefore, a defaulting defendant does not admit the plaintiff's conclusion of damages" (*Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880 [1985]; *see Curiale v Ardra Ins. Co.,* 88 NY2d 268, 279 [1996]; *Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730 [1984]; *Hussein v Ratcher,* 272 AD2d 446, 447 [2000]; *Kessler v Atlantic Ave. CVS,* 271 AD2d 655, 656 [2000]). We also note that no distinction should be drawn in this regard between a default premised upon the striking of the answer and a default in answering, since the two instances are functional equivalents (*see Jones v Corley,* 32 AD3d 530 [2006]).

However, the peculiar nature of a "serious injury" claim crosses the boundaries of both the liability and the damages spheres of a lawsuit. While the injuries sustained by a plaintiff in an action arising from a motor vehicle accident constitute the measure of his or her damages, it is the "serious" nature of

those injuries which must be established before any recovery for pain and suffering can be obtained (*see* Insurance Law § 5104). In fact, in the case of *Perez v State of New York* (215 AD2d 740, 741-742 [1995]), this Court has previously stated:

"As a general principle, the liability phase of a bifurcated trial is not the proper juncture at which to adjudicate issues regarding the severity of the injuries of the party prosecuting the case. Indeed, in a jury trial the jury is commonly instructed to decide only the question of liability and to disregard as irrelevant any reference to injuries or medical treatment (*see*, PJI 1:35A [Supp]). As such, during the liability portion of a bifurcated trial arising out of an automobile accident, the fact-finder should be concerned with the apportioning of fault among the parties whose negligence it finds to have been a proximate cause of the accident (*see, DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 246). *Issues which pertain to the extent of the injuries suffered by a plaintiff, including whether a plaintiff suffered a serious injury as such term is defined in Insurance Law § 5102 (d), should generally be left for the damages phase of the trial* (*see, e.g., Keller v Terr,* 176 AD2d 921; *Moreno v Roberts,* 161 AD2d 1099)" (emphasis added).

Thus, a defendant's default in cases involving injuries resulting from a motor vehicle accident may fairly be viewed as "establish[ing] only that he [or she] was at fault for the accident, not that [the] plaintiff suffered a serious injury" (*Ortiz v Biswas,* 4 AD3d 151, 152 [2004]; *see also Pampafikos v Wander,* 4 AD3d 152 [2004]).

Furthermore, by requiring the plaintiff, even upon the default of the defendant, to nevertheless submit proof that he or she has sustained a serious injury, we are comporting with the original legislative intent of the "No-Fault" Law, which was "to eliminate recovery in a common-law tort action for minor personal injuries" (*Zecca v Riccardelli,* 293 AD2d 31, 33 [2002]). Indeed, the *Zecca* case stands for the proposition that when a plaintiff is granted summary judgment on the issue of liability without opposition from the defendant, the grant of such partial summary judgment does not include a determination of the plaintiff's claim that he or she has sustained a serious injury as defined by Insurance Law § 5102 (d). In this regard, we note

that our colleagues in the Appellate Division, First Department, initially disagreed with this conclusion (*see Porter v SPD Trucking,* 284 AD2d 181 [2001]; *Maldonado v DePalo,* 277 AD2d 21 [2000]), but thereafter decided that "before a plaintiff may proceed to damages under Insurance Law § 5104, both fault and serious injury must be established [and] [t]o the extent our holdings in *Maldonado* and *Porter* are to the contrary, we overrule them" (*Reid v Brown,* 308 AD2d 331, 332 [2003]).

Subsequent thereto, and in reliance upon the holding in *Reid v Brown* (*supra*), the First Department concluded that a plaintiff who has been granted a default judgment is required as a matter of law to establish at the inquest a prima facie case of serious injury (*see Toure v Harrison,* 6 AD3d 270 [2004]; *Ortiz v Biswas, supra; Pampafikos v Wander, supra*). We now add our collective voice on the issue, and hold that the grant of a default judgment on the issue of liability in cases seeking damages pursuant to Insurance Law § 5102 does not necessarily obviate the plaintiff's obligation to prove, at the inquest on damages, that he or she sustained a "serious injury" (*see Van Nostrand v Froehlich,* 44 AD3d 54 [2007] [decided herewith]).

The exception to this rule would be where the defaulting defendant has, in effect, conceded the issue of serious injury after same has been pleaded and raised by the plaintiff (*see Beresford v Waheed,* 302 AD2d 342 [2003]). Contrary to the plaintiff's contention, our holding in *Beresford v Waheed* (*supra*) does not stand for the proposition that once a plaintiff is awarded a default judgment, the defendant is thereafter precluded from raising the issue of serious injury. In the *Beresford* case, the plaintiff moved for leave to enter a default judgment upon the defendant's failure to appear or answer. The plaintiff's motion papers included a verified complaint, and an affidavit of merit wherein she claimed that she had sustained "serious and permanent" injuries as a result of the accident. The defendant opposed the plaintiff's motion by cross-moving to compel service of his proposed answer. Although the defendant asserted in his proposed pleading that the plaintiff did not sustain a serious injury, in his cross motion, the defendant did not respond to the claim set forth in the plaintiff's affidavit of merit that she had sustained a serious injury. The only argument raised by the defendant in his cross motion with respect to the issue of a meritorious defense was that the plaintiff's vehicle came to an abrupt stop. The Supreme Court granted the plaintiff's motion

and denied the defendant's cross motion. The defendant appealed without addressing the issue of whether the plaintiff sustained a serious injury. This Court affirmed the order, finding that the defendant had failed to set forth either a reasonable excuse or a meritorious defense (*see Beresford v Waheed,* 288 AD2d 170 [2001]). At the subsequent inquest, the plaintiff introduced evidence that she sustained a herniated disc and a bulging disc in her lumbar spine. The trial court awarded her the sum of $100,000 for past pain and suffering, and judgment was entered in her favor. Thereafter the defendant took a second appeal. This time the defendant argued that the plaintiff was required to establish at the inquest a prima facie case that she had sustained a serious injury. On the second appeal we held:

> "*Under the circumstances of this case,* the defendant is precluded, pursuant to the doctrine of law of the case, from raising the issue of serious injury on this appeal since this Court affirmed the order granting the plaintiff's motion for leave to enter a default judgment. However, the Supreme Court improperly permitted the plaintiff's expert to base his opinion on a [MRI] that was not placed in evidence, and was prepared by another healthcare professional who did not testify. Therefore, a new inquest on the issue of damages is required.

> "Our decision is consistent with the result reached in *Zecca v Riccardelli*[, 293 AD2d 31 (2002)]). In *Zecca,* this Court held that where a plaintiff is granted summary judgment on the issue of liability, without opposition from the defendant, the plaintiff, nonetheless, has the burden of establishing that he or she suffered a serious injury, as defined by Insurance Law § 5102 (d). In contrast to *Zecca,* the instant case did not involve an unopposed motion for summary judgment. Here, the defendant opposed the plaintiff's motion for leave to enter a default judgment by cross moving to compel service of his proposed answer. The defendant, in his cross motion, raised the issue of a meritorious defense without addressing the issue of a serious injury. In this case, the issue of whether the defendant set forth a meritorious defense, including the issue of serious injury, was fully litigated on the merits. Accordingly, there was a final adjudication on the

merits with respect to the issue of a serious injury upon the Supreme Court's granting of the plaintiff's motion for leave to enter a default judgment, which was subsequently affirmed by this Court" (*Beresford v Waheed, supra,* 302 AD2d 342, 342-343 [2003] [citations omitted and emphasis added]; *see also Singh v Friedson,* 10 AD3d 721, 722 [2004]).

Accordingly, the *Beresford* case was decided on purely procedural grounds, i.e., the defendant could not raise the issue of serious injury at the second inquest because the law of the case doctrine precluded reconsideration of the issue. "The law of the case 'is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned' " (*Thomas v Dietrick,* 284 AD2d 325, 325 [2001], quoting *Martin v City of Cohoes,* 37 NY2d 162, 165 [1975]; *see People v Evans,* 94 NY2d 499 [2000]). Consequently, in light of the fact that the defendant in *Beresford* never refuted the plaintiff's claim of serious injury, and since the court determined that plaintiff was entitled to a default judgment, the serious injury threshold issue was a fortiori decided on the merits. In addition, in affirming the order granting the plaintiff's motion for a default judgment, this Court also determined that the plaintiff set forth a prima facie case, including the existence of a serious injury, which the defendant failed to refute. Although the matter was remitted for a new inquest after the second appeal, the remittitur was not for a determination of whether the plaintiff had sustained a serious injury. Rather, the remittitur was required because the first inquest was based upon improperly admitted evidence, and thus the damages award had to be redetermined.

In contrast, in the instant case, the complaint did not allege that the plaintiff sustained a serious injury as defined in Insurance Law § 5102 (d), and thus there was no "traversable allegation" in this regard which the defendant was required to deny (*see Rokina Opt. Co. v Camera King,* 63 NY2d at 730). It is also unclear whether the plaintiff even alleged the element of serious injury in his motion for leave to enter a default judgment so as to necessarily require the defendant to address the issue in his cross motion. Moreover, on the prior appeal, the defendant herein did not raise the issue of serious injury. Instead, the defendant only argued that even if the contested documents were admissible, they did not prove a prima facie case of damages

because, inter alia, they did not show that the injuries were causally related to the motor vehicle accident. Finally, we again note that in our decision which remitted the instant matter for a new inquest on damages, we specifically cited Insurance Law § 5102 (d) and the case of *Tamburello v Bensonhurst Car & Limo Serv. (supra) (see Abbas v Cole, supra)*. In the *Tamburello* case, this Court remitted the matter for a new inquest on the issue of damages, if any, after the trial court improperly refused to allow the defendants' counsel to participate, and additionally noted that "at the new inquest the plaintiff is required to establish, through admissible evidence, the extent of the injuries she sustained (*see Insurance Law § 5102 [d]*[)]" (305 AD2d at 665 [emphasis added]).

Therefore, on the record before us, and the conclusions reached herein, we affirm the order and judgment appealed from, with costs, and hold that the trial court properly dismissed the complaint based upon the plaintiff's failure to establish at the inquest a prima facie case of serious injury as that term is defined in Insurance Law § 5102 (d) (*see Toure v Harrison, supra; Ortiz v Biswas, supra; Pampafikos v Wander, supra*).

RITTER, J.P., SKELOS and DICKERSON, JJ., concur.

Ordered that the order and judgment is affirmed, with costs.