In an action, inter alia, to partition real property and for an accounting, the defendant Joseph C. Gillert appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated December 1, 2011, as, upon an interlocutory judgment of the same court (Lefkowitz, J.) dated December 9, 2009, inter alia, striking his pleadings for willfully failing to comply with court-ordered discovery and setting the matter down for an inquest, and upon his appearance at an inquest, directed him to pay the plaintiff the sum of $474,753.84 and to remove the plaintiffs name from a home equity line of credit, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as failed to award her damages due to depreciation and loss of use of certain assets and for an attorney’s fee.
*930 Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new inquest on the issue of damages.
The plaintiff and the defendant Joseph C. Gillert (hereinafter Gillert) had an intimate relationship and resided together in South Salem from March 2002 until late August 2007. After the plaintiff moved out of the residence, she commenced the instant action to partition real property and for an accounting, alleging, inter alia, that she and Gillert each possessed an undivided 50% interest in the residence located in South Salem, a boat, and a car, and that she and Gillert were joint obligors on a home equity line of credit. After Gillert’s repeated, unexcused failure to meaningfully comply with multiple disclosure requests and court orders, the Supreme Court, in an interlocutory judgment, struck his answer with counterclaims, set the matter down for an inquest to determine the parties’ rights and interests in the assets, and directed Gillert to account for the loan proceeds. The Supreme Court also directed that the plaintiff be reimbursed for, among other things, the loss of use and enjoyment of the jointly held property, the property depreciation caused by Gillert’s delaying tactics, and the legal expenses she incurred because of his repeated violations of court orders. The interlocutory judgment was affirmed by this Court on appeal (Rawlings v Gillert, 78 AD3d 806 [2010]).
At the inquest on damages, the plaintiff testified on her own behalf, presented testimony from a licensed real estate broker, and introduced, inter alia, documents demonstrating, among other things, the amount she had invested in the residence and the amount she had withdrawn from the equity line of credit for use toward her own personal and business expenses. The plaintiff, however, was not permitted to introduce certain evidence supporting her claims for damages due to depreciation and loss of use. Gillert was permitted to cross-examine the plaintiffs witnesses, but was not permitted to give testimony or offer proof in mitigation of the alleged damages.
Based on the amount of money the plaintiff alleged to have invested in the residence, minus the amount of money she acknowledged withdrawing from the equity line of credit for her own personal and business expenses, the Supreme Court directed Gillert to pay the plaintiff the sum of $474,753.84 from the sale of the residence and to remove her name from the equity line of credit. The Supreme Court also directed that the car and boat be sold, with the proceeds evenly divided. The Supreme Court declined to award the plaintiff damages for loss *931 of use or depreciation of assets and refused to award the plaintiff an attorney’s fee based on Gillert’s delays and failure to disclose.
“ ‘[A] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiffs conclusion as to damages’ ” (Napolitano v Branks, 128 AD2d 686, 687 [1987], quoting Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984]; see Abbas v Cole, 44 AD3d 31, 33 [2007]). Indeed, where an entry of a default judgment against a defendant is made after an application to the court, the defendant is entitled to a “ ‘full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages’ ” (Napolitano v Branks, 128 AD2d at 687, quoting Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572 [1978]; see Godwins v Coggins, 280 AD2d 582, 582 [2001]).
Here, while Gillert was properly precluded from introducing evidence at the inquest tending to defeat the plaintiffs underlying claims, the Supreme Court should not have divided the residence or allocated liability regarding the equity line of credit without giving Gillert an opportunity to account for the loan proceeds or an opportunity to introduce evidence or testimony relevant to economic damages (see Godwins v Coggins, 280 AD2d at 582-583; Grande v Grande, 129 AD2d 612, 613 [1987]). The Supreme Court also erred in precluding the plaintiff from introducing evidence demonstrating that she sustained damages due to Gillert’s delaying tactics. Indeed, in light of the finding of willful noncompliance and the specific directions as set forth in the interlocutory judgment, the plaintiff should have been permitted to submit evidence, including affidavits (see 22 NYCRR 202.46), supporting her claims for, among other things, depreciation, loss of use, and attorney’s fees, at least insofar as those alleged damages could be attributed to Gillert’s failure to comply with disclosure requests and court orders. Accordingly, a new inquest on the issue of damages must be conducted.
The parties’ remaining contentions are without merit. Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.