Madeo v Singh
2026 NY Slip Op 03298
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Debra Madeo, respondent,
v
Rajbir Singh, appellant, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2022-01436, 2022-04001, 2022-04003, (Index No. 711880/19)
Lara J. Genovesi, J.P.
William G. Ford
Lourdes M. Ventura
Susan Quirk, JJ.

Michael H. Zhu, Esq. P.C., New York, NY, for appellant.
Sacco & Fillas, LLP, Astoria, NY (Kurt Doiron of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Rajbir Singh appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated January 31, 2022, (2) an order of the same court entered April 20, 2022, and (3) an order of the same court also entered April 20, 2022. The order dated January 31, 2022, denied the motion of the defendant Rajbir Singh pursuant to CPLR 317 to vacate an order of the same court (Richard G. Latin, J.) dated August 6, 2020, granting the plaintiff's unopposed motion for leave to enter a default judgment against him. The first order entered April 20, 2022, denied the motion of the defendant Rajbir Singh, in effect, pursuant to CPLR 5015(a)(3) to vacate the order dated August 6, 2020, and to dismiss the complaint insofar as asserted against him for failure to state a cause of action, and denied that defendant's separate motion, inter alia, to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to establish at an inquest on the issue of damages that she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The second order entered April 20, 2022, upon a determination, made after the inquest on the issue of damages, that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, in effect, directed the entry of a judgment in favor of the plaintiff and against the defendant Rajbir Singh in the principal sum of $500,000.
ORDERED that the order dated January 31, 2022, is affirmed; and it is further,
ORDERED that the first order entered April 20, 2022, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Rajbir Singh which was to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to establish at the inquest on the issue of damages that she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and substituting therefor a provision granting that branch of the motion; as so modified, the first order entered April 20, 2022, is affirmed, and the second order entered April 20, 2022, is vacated; and it is further,
ORDERED that the appeal from the second order entered April 20, 2022, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal, as the appeal has been rendered [*2]academic in light of our determination on the appeal from the first order entered April 20, 2022; and it is further,
ORDERED that one bill of costs is awarded to the defendant Rajbir Singh.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendant Rajbir Singh (hereinafter the defendant) failed to appear or answer the complaint. In an order dated August 6, 2020 (hereinafter the August 2020 order), the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendant and set the matter down for an inquest on the issue of damages. Prior to the inquest, the defendant moved pursuant to CPLR 317 to vacate the August 2020 order. In an order dated January 31, 2022, the court denied the defendant's motion.
After the inquest on the issue of damages, the defendant moved, in effect, pursuant to CPLR 5015(a)(3) to vacate the August 2020 order and to dismiss the complaint insofar as asserted against him for failure to state a cause of action, and separately moved, inter alia, to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to establish at the inquest that she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered April 20, 2022, the Supreme Court denied the defendant's separate motions. In a second order entered April 20, 2022, the court, upon a determination that the plaintiff established at the inquest that she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, in effect, directed the entry of a judgment in favor of the plaintiff and against the defendant in the principal sum of $500,000. The defendant appeals from the order dated January 31, 2022, and both orders entered April 20, 2022.
"CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party" (HSBC Bank USA N.A. v Kantor, 215 AD3d 643, 644 [internal quotation marks omitted]). "Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (Wells Fargo Bank, N.A. v Hakim, 230 AD3d 1271, 1273 [internal quotation marks omitted]). Here, the defendant alleged that the complaint contained misrepresentations and omitted material information. As these were allegations of intrinsic fraud, the defendant was required to provide a reasonable excuse for his default (see Heitner v Capital One, N.A., 226 AD3d 979, 981-982). Since the defendant failed to offer a reasonable excuse for his default, the Supreme Court properly denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a)(3) to vacate the August 2020 order (see Heitner v Capital One, N.A., 226 AD3d at 982; Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 955).
However, we disagree with the Supreme Court's determination after the inquest on the issue of damages that the plaintiff established that she sustained a serious injury within the meaning of Insurance Law § 5102(d). Generally, "'[a] defendant who has defaulted in answering admits all traversable allegations in the complaint, including the basic allegation of liability'" (21st Mtge. Corp. v Raghu, 197 AD3d 1212, 1215, quoting Glenwood Mason Supply Co., Inc. v Frantellizzi, 138 AD3d 925, 926). However, the defendant does not admit the plaintiff's conclusion as to damages (see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; Dejesus v H.E. Broadway, Inc., 175 AD3d 1485, 1486; Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126). Further, "a defendant's default in cases involving injuries resulting from a motor vehicle accident may fairly be viewed as establishing only that he or she was at fault for the accident, not that the plaintiff suffered a serious injury" (Abbas v Cole, 44 AD3d 31, 34 [alterations and internal quotation marks omitted]). Accordingly, "unless the issue of serious injury has been previously determined, the plaintiff must demonstrate at the damages inquest proof of a serious injury" (id. at 32; see generally Amato v Fast Repair Inc., 42 AD3d 477, 477).
Here, the plaintiff failed to establish at the inquest that she sustained a serious injury within the meaning of Insurance Law § 5102(d). The evidence presented, comprised of the [*3]plaintiff's testimony and certain certified medical records, was insufficient to establish that she sustained a serious injury within the meaning of Insurance Law § 5102(d). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him based upon the plaintiff's failure to establish at the inquest a prima facie case of serious injury as that term is defined in Insurance Law § 5102(d) (see Abbas v Cole, 44 AD3d at 38).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court