■ BYRON O. TAXI, INC., et al., Petitioners, v SCOTT SWARTZ et al., Respondents. [717 NYS2d 591] —Application pursuant to CPLR article 78 seeking to prohibit respondent Supreme Court Justice from conducting an inquest in an underlying personal injury action, on written submissions alone, pursuant to the "Special Rules on Submission of Inquests, Justice Richard B. Lowe, IAS Part 22," unanimously denied, and the petition dismissed, without costs.

Petitioners, as defendants in the underlying personal injury action, defaulted by failing to appear for a court-ordered deposition. After respondent-plaintiff filed a note of issue demanding a nonjury inquest, petitioners' attorneys received a notice from the court scheduling an inquest *"on papers"* (emphasis in original), in accordance with appended "Special Rules on Submission of Inquests" detailing the proof to be submitted by both sides. Petitioners then commenced this original article 78 proceeding (CPLR 506 [b] [1]; *see, Matter of Pirro v Angiolillo*, 89 NY2d 351, 355-356; *cf., Matter of Hochberg v Davis*, 171 AD2d 192).

As described in the submissions in opposition to the petition, respondent Justice's procedure on inquests is as follows:

1. The Special Rules set forth the proof required by the

Justice of the movant to assess damages, including an affidavit from a person with knowledge as to how damages are computed;

2. Following that submission, the opponent has the opportunity to submit documentation in the same format;

3. The parties are cautioned that the assessment of damages may be made on these submissions alone, so that they should be as complete and comprehensive as possible; and

4. On the submission date, the Justice reviews the documentation submitted and at that time determines whether the assessment can be made on papers alone. If so, judgment is entered; if not, the Justice "reserves the right to reject the inquest or notice the matter for a *viva voce* hearing."

The foregoing allows a defendant to submit proof on damages on an equal basis with plaintiff, and in no way supports petitioners' argument that they were treated like a defaulting party. Nor do the rules preclude the possibility of a hearing. At worst, the Justice might erroneously determine that the paper proofs are such as not to warrant a hearing, but that would not be error implicating the legality of the entire proceeding and warranting prohibition, but rather a mere error of procedure for which an appeal would provide an adequate remedy (*see, Matter of Rush v Mordue*, 68 NY2d 348, 353; *La Rocca v Lane*, 37 NY2d 575, 579-580, *cert denied* 424 US 968). "[O]n an appeal from a final determination based in part on a default, review may be had of the proceedings on a contested inquest * * * as well as of an intermediate order 'necessarily affecting' the final determination" (*James v Powell*, 19 NY2d 249, 256, n 3). Because the ordinary remedy is available and fully efficacious, the extraordinary remedy of prohibition should be denied. We have considered petitioners' other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.