■ HAL RUZAL, Respondent, v KAMRUL H. MOHAMMAD et al., Appellants. [724 NYS2d 854] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered September 19, 2000, which, *inter alia*, denied defendants' application to vacate a judgment, entered July 10, 2000, and an order, entered June 30, 2000, granting plaintiff a default judgment against defendants by awarding him $103,080.66, and to restore the matter to the trial calendar for an inquest on damages, unanimously reversed, on the law, without costs, the motion to vacate granted as to both the July 10, 2000 judgment and the June 30, 2000 order, and the matter restored to the trial calendar for a proper inquest on damages.

Where a defendant has defaulted in an action and the subsequent assessment of damages requires extrinsic proof, such defendant must have "a full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages" (*Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [citation omitted]; *Conteh v Hand*, 234 AD2d 96). Thus, here, the motion court erred in holding an inquest on submissions only without defendant having first defaulted on a formal inquest proceeding (22 NYCRR 202.46 [a]), and defendants are entitled to the requested relief (*see, Byron O. Taxi, Inc. v Swartz*, 278 AD2d 108). Concur—Williams, J. P., Wallach, Lerner, Rubin and Friedman, JJ.