OPINION OF THE COURT
Lucindo Suarez, J.
*380 The issues to be determined upon the reference of this matter for an inquest and assessment of damages following the striking of defendant’s answer are whether the defendant’s jury demand should be allowed where the demand was filed two days late; and whether evidence of “serious injury” and damages by signed and sworn written statements of plaintiffs treating or examining physicians will be permitted at the inquest, pursuant to 22 NYCRR 202.46 (b), if held before the court and a jury. The court finds that defendant’s jury demand is allowed and that, at the inquest, plaintiff must present evidence of “serious injury” and damages by live testimony of all witnesses, so that defendant will have a full and fair opportunity to cross-examine the witnesses before the jury.
This court held a conference on August 13, 2007 to resolve certain procedural issues prior to the inquest. Plaintiff appeared by Richard L. Giampa, Esq., and defendant Silverio Serrata appeared by Russo, Keane & Toner, by Christopher G. Keane, Esq. The action as against defendant Adrian Francis was previously discontinued. The answer of Serrata was stricken when he failed to timely comply with a conditional order of this court (Alison Y. Tuitt, J.) entered October 13, 2006. (See VSP Assoc. v 46 Estates Corp., 243 AD2d 373 [1st Dept 1997].)
This action arises from a motor vehicle accident and is subject to the provisions of Insurance Law § 5104 (a). Plaintiff has requested to present at the inquest, in addition to her live testimony, evidence of damages and “serious injury” by way of signed and sworn written statements of her treating or examining physicians. Serrata’s counsel requested that plaintiff be required to produce all witnesses, including the physicians upon whose evidence plaintiff intends to rely to establish “serious injury” and damages, so that the attorney will have the opportunity to cross-examine them. Plaintiff has the burden to establish at the inquest that she sustained a “serious injury” in the subject accident. (See Reid v Brown, 308 AD2d 331 [1st Dept 2003].)
A stricken answer is treated the same as a default for failure to answer, i.e., defendant’s liability has been conclusively established and defendant is precluded from asserting defenses which would limit or tend to defeat the plaintiffs cause of action. (See Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984].) Serrata has not been precluded from affirmatively offering evidence at the inquest. (Cf. Langer v Miller, 305 AD2d 270, 270 [1st Dept 2003].) Serrata is entitled to appear at the *381 inquest, to cross-examine plaintiffs witnesses and to present evidence in opposition to plaintiffs evidence of damages. (See Yeboah v Gaines Serv. Leasing, 250 AD2d 453 [1st Dept 1998].)
Plaintiff relies upon 22 NYCRR 202.46 (b) for authorization to present evidence of her damages and “serious injury” by documents. That rule reads as follows: “In any action where it is necessary to take an inquest before the court, the party seeking damages may submit the proof required by oral testimony of witnesses in open court or by written statements of the witnesses, in narrative or question and answer form, signed and sworn to.” (22 NYCRR 202.46 [b]; emphasis supplied.) Where a jury trial has not been waived, the inquest and assessment of damages must be before the court with a jury. New York Constitution, article I, § 2 provides that “[t]rial by jury in all cases in which it has heretofore been guaranteed . . . shall remain inviolate forever.” (See CPLR 4101.) Defendants in default, ordinarily may be found to have waived the right to insist on trial by jury. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3215:7, at 489.) A defendant whose answer has not been stricken and who has not been precluded from offering evidence at the inquest is entitled to a jury trial as to the damages issue. (See Mendez v McMaroro Tr., 276 AD2d 436 [1st Dept 2000].)
Appellate cases do not specifically address the situation in this matter, where Serrata’s answer has been stricken for failure to appear for examination before trial, but he still demands a jury for the inquest and assessment of damages. (Cf. Livingston v Blumenthal, 248 App Div 138 [1st Dept 1936] [defendant entitled to assessment of damages before the court and jury where plaintiff granted summary judgment and defendant’s answer stricken].) Despite his answer having been stricken thereby establishing his fault, this court finds that by his failure to appear for examination before trial, Serrata has not waived his state constitutional right to a jury trial on the issues of “serious injury” and damages, and therefore he is entitled to contest both issues before a jury, and to offer affirmative proof thereon. (See Toure v Harrison, 6 AD3d 270 [1st Dept 2004].) In addition, he is entitled to a full opportunity to cross-examine plaintiffs witnesses, including the physicians who treated or examined her, or other experts whose opinions might be offered at the proceeding. (See Waltzer v Tradescape & Co., L.L.C., 31 AD3d 302 [1st Dept 2006].)
This court further finds that presentation of written statements in lieu of live testimony under these circumstances would *382 not sufficiently assist the jurors in determining whether plaintiff suffered a “serious injury” and in their assessment of the amount of damages. This court reads the phrase “before the court” in the rule, 22 NYCRR 202.46 (b), as providing that plaintiff may present such documentary evidence only in a non-jury proceeding, since the court, as finder of fact, would be in a position to properly evaluate and weigh such evidence, along with that, if any, presented by the defendant. (Cf. Suleiman v Miamor Transp. Corp., 13 Misc 3d 1230[A], 2006 NY Slip Op 52068[U] [Sup Ct, Bronx County 2006] [jury trial on damages; court held that plaintiff cannot use mere affidavits at inquest in any tort case]; Fulwood v Pena, NYLJ, June 14, 2002, at 23, col 1 [Civ Ct, NY County] [plaintiff, who demanded a jury, not permitted to present written statements as proof, since defendant must be afforded the opportunity to cross-examine witnesses whose testimony will establish the amount of damages], citing Ruzal v Mohammad, 283 AD2d 318 [1st Dept 2001].) The Chief Administrative Judge, in promulgating 22 NYCRR 202.46 (b), likely would have used language such as “before the court and a jury” if the intent had been to allow such proof in a jury proceeding. (Cf. CPLR 4101 [1] [which provides that where a party demands and sets forth facts permitting a judgment for a sum of money only, the issues of fact shall be tried by a jury unless waived, “except that equitable defenses and counterclaims shall be tried by the court” (emphasis supplied)].)
Even if the permissive language of 22 NYCRR 202.46 (b) allowed the presentation of plaintiffs evidence of “serious injury” and damages by mere documents, requiring plaintiff to present such evidence by live witnesses is most appropriate in this contested jury proceeding.
One additional procedural matter remains: plaintiff requested that Serrata’s jury demand be stricken as untimely. Plaintiff filed a note of issue, without a jury demand, on January 4, 2007, and served it by mail upon Serrata’s attorney on that date. Serrata’s jury demand should therefore have been filed 20 days thereafter, i.e., by January 24, 2007, but was not filed until January 26, 2007. (See CPLR 2103 [b] [2]; 4102 [a].) This court finds, under the liberal standards of CPLR 4102 (e), that Serrata should be relieved of the failure to timely file the jury demand, as no intent to waive a jury trial is shown and plaintiff has demonstrated no prejudice whatsoever by the two-day delay. (See Ossory Trading v Geldermann, Inc., 200 AD2d 423 [1st Dept 1994].) There will be little, if any, delay in this case because *383 of defendant’s jury demand; defendant would be prejudiced if his jury demand were stricken; and plaintiff has not demonstrated prejudice other than her having to produce live witnesses. (See e.g. Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981] [to demonstrate prejudice, there must be some indication that a party has been hindered in the preparation of her case or has been prevented from taking some measure in support of her position].)
Accordingly, it is ordered that defendant Silverio Serrata’s application to preclude plaintiff from offering affirmations, affidavits or statements of treating, examining or expert physicians in lieu of live testimony is granted; and it is further ordered that plaintiffs application to strike defendant Silverio Serrata’s jury demand is denied; and it is further ordered that the caption of the action is amended to reflect the discontinuance of the action as against defendant Adrian Francis.