23rd Chelsea Assoc. LLC v Stone (2023 NY Slip Op 51020(U))

[*1]

23rd Chelsea Assoc. LLC v Stone

2023 NY Slip Op 51020(U)

Decided on September 28, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 28, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570084/23
23rd Chelsea Associates LLC, Petitioner-Landlord-Respondent, 
against
Richard Stone, Respondent-Tenant-Appellant.

Tenant appeals from 1) an order of the Civil Court of the City of New York, New York County (Clifton A. Nembhard, J.), dated February 14, 2020, which granted landlord's motion to reargue a prior order, dated July 12, 2019, and, upon reargument, denied tenant's motion to dismiss the holdover petition for failure to state a cause of action; 2) an order of the same court (Frances A. Ortiz, J.), entered on or about September 15, 2022, after inquest, awarding landlord a final judgment of possession; and 3) an order (same court and Judge), dated December 20, 2022, which denied tenant's motion, in effect, to vacate the default final judgment.

Per Curiam.
Appeal from order (Frances A. Ortiz, J.), entered on or about September 15, 2022, deemed an appeal from the ensuing final judgment (same court and Judge), entered September 22, 2022, and so considered (see CPLR 5520[c]), final judgment, insofar as appealable, affirmed, without costs. Order (Frances A. Ortiz, J.), dated December 20, 2022, affirmed, without costs. Appeal from order (Clifton A. Nembhard, J.), dated February 14, 2020, dismissed, without costs, as subsumed in the appeal from the final judgment.
Although the final judgment was entered upon tenant's default, the appeal brings up for review the intermediate order that was "subject of contest below ... necessarily affecting the final determination" (James v Powell, 19 NY2d 249, 256 n 3 [1967]; see Byron O. Taxi, Inc. v Swartz, 278 AD2d 108 [2000]), namely the February 2020 order granting landlord's motion to reargue, and upon reargument, reinstating the petition (see generally HSBC Mtge. Corp. (USA) v MacPherson, 89 AD3d 1061, 1062 [2011]). 
On the merits, Civil Court providently exercised its discretion in granting landlord's motion for reargument, since the court, in its prior order dismissing the nuisance holdover petition for failure to state a cause of action, appears to have overlooked certain pleaded allegations in addressing the substance of the nuisance claim (see CPLR 2221[d][2]). Upon reargument, the court properly reinstated the holdover petition. Accepting the facts alleged in landlord's notice of termination as true and according the landlord every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87—88 [1994]), landlord's pleading adequately alleged a recurring or continuing pattern of objectionable conduct by tenant constituting a nuisance (see Domen Holding Co. v Aranovich, 1 NY3d 117 [2003).
Nor did Civil Court abuse its discretion in denying tenant's motion, in effect, to vacate the default final judgment. Tenant voluntarily absented himself from the courtroom prior to the commencement of testimony and failed to offer a sufficient excuse for his default. As Civil Court noted, tenant "made an informed decision to leave the courtroom, after he had checked in for trial and appeared before the Court on [a related] motion...." Tenant's proffered excuse, i.e., that illness prevented him from proceeding, was never communicated to the court and is unsupported by any medical documentation (see Guerre v Trustees of Columbia Univ. in City of NY, 300 AD3d 29 [2002]; Ursula Realty Corp. v Kirnon, 20 Misc 3d 142[A], 2008 NY Slip Op 51692[U] [App Term, 1st Dept 2008]). Nor, in any event, did tenant demonstrate a meritorious defense to the holdover petition.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 28, 2023