| |
|---|
| **Torres v Occhino** |
| 2025 NY Slip Op 32162(U) |
| June 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154184/2023 |
| Judge: Christopher Chin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. CHRISTOPHER CHIN | PART 22 |
| | *Justice* | |

-----------------------------------------------------------------X

KENYA TORRES,

                          Plaintiff,

          - v -

ANTHONY L. OCCHINO, THE HERTZ CORPORATION

                      Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154184/2023 |
| MOTION DATE | 01/13/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for               **JUDGMENT - SUMMARY**       .

Upon the foregoing documents, and after oral argument, for the reasons explained below, it is

      ORDERED that plaintiff's motion for summary judgment on the on the issue of liability is granted to the extent that the court finds defendants were negligent in causing the subject motor vehicle accident; it is further

      ORDERED that defendants' fifth affirmative defense (failure to wear a seatbelt) is dismissed.

The procedural history of this decision/order is as follows: On April 3, 2025, oral arguments were held on the within motion (Seq. No. 001). On April 10, 2025, the court issued its decision/order (NYSCEF Doc. No. 30). After the issuance of the April 10, 2025 decision, by order dated May 14, 2025, the court, *sua sponte*, reconsidered and recalled the decision, and restored the motion for further arguments by the parties (NYSCEF doc No. 33). On May 22,

154184/2023 TORRES, KENYA vs. OCCHINO, ANTHONY L. ET AL
Motion No. 001

Page 1 of 5

2025, additional arguments were held on the record. The following constitutes the full decision and order on this motion, as conveyed to the parties on the record.

Plaintiff moves for summary judgment on the issue of liability based on the premise that defendant Anthony Occhino negligently drove out from a parking lot onto a roadway where plaintiff was driving, resulting in an accident with plaintiff's vehicle. It is alleged that defendant Occhino had a duty to yield to plaintiff's vehicle.

It is not disputed that plaintiff was driving on West Main Street, a two-way street, and that defendant Occhino intended to make a left-hand turn onto West Main Street from the parking lot. It is also undisputed that Occhino's front bumper struck plaintiff's left rear passenger side door. Defendant the Hertz Corporation ("Hertz") was the owner of the vehicle driven by defendant Occhino, as well as defendant Occhino's employer, making Hertz vicariously liable. Additionally, it is not disputed that plaintiff's vehicle was moving at the time the impact occurred with defendant Occhino's vehicle.

Defendant Occhino's testified that he did not see plaintiff's vehicle until the moment of impact but also testified that "[plaintiff] was weaving in and out of the road" and "she was weaving towards me as I was making my turn" and that plaintiff was "if not closer to the center of the road towards my side" and "but for sure she was more close into my lane. Into the opposite. Into the center lane of the both ways".

154184/2023  TORRES, KENYA vs. OCCHINO, ANTHONY L. ET AL
Motion No. 001

Page 2 of 5

Plaintiff testified that she never looked to her left as she drove down West Main Street and did not see defendant's vehicle at any time prior to impact. Plaintiff further testified that she was driving with a New York State Lerner's permit, without a licensed adult driver next to her.

At the outset the court finds plaintiff's statement that she was driving with only a learner's permit, without a licensed driver in the vehicle, to be an admission of a violation of Vehicle and Traffic Law ("VTL") § 509.[1]

Additionally, it is well settled that pursuant to VTL § 1143 a driver, such as defendant Occhino, entering a roadway from a parking lot, is obligated to yield to vehicles driving on that roadway.[2] The testimony of defendant Occhino that he did not observe plaintiff's vehicle until right before impact and that the front of his vehicle struck the left rear side of plaintiff vehicle establishes that he was negligent in the operation of his vehicle which caused the instant motor vehicle accident. Notably, defendants did not make any arguments in opposition to show that VTL § 1143 is inapplicable or dispute that defendant driver Occhino had an obligation to yield to plaintiff's vehicle. Instead, the opposition focuses on facts that may show that plaintiff may also be at fault, or comparatively negligent, for the accident. However, it is well settled that any comparative fault or negligence on the plaintiff's part in how she operated her vehicle at the time of the accident is not a bar to partial summary judgment on the issue of liability (*see Rodriguez v. City of New York*, 31 NY3d 312, 320 [2018]). In *Rodriguez*, the Court of Appeals specifically rejected

---

[1] VTL 509 provides in relevant part that, "[e]xcept while operating a motor vehicle during the course of a road test...no person shall operate or drive a motor vehicle upon a public highway of this state...unless he is duly licensed...".

[2] VTL § 1143 provides in relevant part that "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed."

[* 3]

the notion that the plaintiff had the burden of showing an absence of comparative fault to prevail on a motion for partial summary judgement on the issue of defendant's liability (*id.* at 318). In reversing the Appellate Division, the Court specifically stated that, "[w]e agree with plaintiff that to obtain partial summary judgment on defendant's liability he does not have to demonstrate the absence of his own comparative fault" (*id.* at 323).

Additionally, plaintiff's admission that she did not look to her left and did not see defendant Occhino's vehicle prior to the accident and defendant's testimony that plaintiff's vehicle was weaving and that plaintiff's vehicle was driving in the wrong lane for her direction of travel, along with plaintiff's admission to a VTL § 509 violation, raises material issues of fact as to, *inter alia*, whether plaintiff bears any comparative fault for the subject accident; whether she breached her duty to see what should have been seen and to exercise reasonable care to avoid the collision under the circumstances; and whether that plaintiff was an unlicensed driver, was a proximate cause of the accident.

Additionally, while plaintiff's motion is labeled as one seeking summary judgment on liability, it only presents arguments as to defendants' fault and does not address the issue of whether plaintiff sustained a serious injury as defined under Insurance Law § 5102 (d). Serious injury however, is a threshold matter separate from the issue of fault (*see Toure v. Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). Before a plaintiff may proceed to damages under Insurance Law § 5104, both fault and serious injury must be established, which plaintiff failed to do here (see *Reid v. Brown*, 308 AD2d 331, 332 [1st Dept. 2003]). See also, Sabine v. State of New York, 2024 NY Slip Op 06288, (2024) [Court of Appeals declined to rule on this issue]

154184/2023  TORRES, KENYA vs. OCCHINO, ANTHONY L. ET AL
Motion No. 001

Page 4 of 5

NYSCEF DOC. NO. 36

Plaintiff also seeks to dismiss defendants' first affirmative defense (comparative negligence), second affirmative defense (failure to mitigate damages) of and fifth affirmative defense (failure to wear seatbelt). As plaintiff testified that she was wearing a seatbelt at the time of the accident and defendants failed to proffer any evidence to contradict this, the fifth affirmative defense of failure to wear a seatbelt is dismissed. As discussed above, since there are issues of material fact as to plaintiff's comparative fault, the portion of the motion to dismiss the first affirmative defense is denied. Additionally, that part of the motion to dismiss the second affirmative defense of failure to mitigate damages is denied as the motion papers fail to establish as a matter of law that plaintiff acted reasonably to mitigate any damages. In fact, there was no evidence presented as to what plaintiff did, if anything, to mitigate her damages.

This constitutes the full decision of the court. Any requested relief that has not been specifically granted in this decision is denied.

| 6/16/2025 | | | | CHRISTOPHER CHIN, J.S.C. |
| DATE | | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

154184/2023  TORRES, KENYA vs. OCCHINO, ANTHONY L. ET AL.
Motion No. 001

Page 5 of 5

5 of 5